**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OPTIMER PERFORMANCE FIBERS INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | Jury Trial Demanded |
| 180s, INC., a Delaware corporation and 180s, LLC, a Maryland limited liability company, | ) ) ) ) | |
| Defendant. | ) ) | |

**AMENDED COMPLAINT**

Plaintiff Optimer Performance Fibers, Inc., ("Optimer") for its Complaint against defendants 180s, Inc. and 180s, LLC ("Defendants") seeking damages, injunctive relief and other relief for violations of its rights including, *inter alia*, trademark infringement, false advertising, false patent marking, and unfair competition, alleges as follows:

**PARTIES**

1.       Plaintiff Optimer is a Delaware corporation with its principal place of business at 5 Meco Circle, Wilmington, Delaware 19804-2402.

2.       On information and belief, Defendant, 180s, Inc. is a Delaware corporation, and Defendant 180s, LLC is a Maryland limited liability company, both with their principal place of business at 701 E Pratt St, Suite 180, Baltimore, MD 21202.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Optimer's claims under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

4.      This Court has personal jurisdiction over Defendants because they have transacted and are transacting business in this District, and have made, used, offered for sale, or sold products that infringe Optimer's trademarks and other rights, made statements that constitute false advertising, and other acts constituting unfair competition in this judicial district.

5.      Venue properly lies in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Defendants are subject to personal jurisdiction and have committed acts of trademark infringement, false advertising, false patent marking and unfair competition, and other acts in this District.

## BACKGROUND

6.      Optimer owns U.S. Patent No. 5,888,914 ('914 ) for yarn, fabric, or garment containing a certain proprietary blend.  ("Proprietary Blend").

7.      Optimer owns US Trademark Registrations, including but not limited to Registration Nos. 2,462,890 and 2,488,034   for the mark DRI-RELEASE®, (collectively referred to herein as the "DRI-RELEASE® Marks").

8.      Optimer owns US Trademark Registration No. 2306455 for the mark FRESHGUARD® (referred to herein as "FRESHGUARD® Mark").

9.      Optimer has licensed others to make yarn in accordance with the patent and fabrics made from yarns are certified and authorized to be used in connection with certain goods, including but not limited to crew neck t-shirts and ear warmers (hereinafter collectively referred to as "Authorized Goods").

10.    Authorized Goods made with the patented fabrics are required to bear the '914 patent number.

11.    Where appropriate Authorized Goods are certified and authorized to use the DRI-RELEASE® Marks and/or the FRESHGUARD® Mark to identify Optimer as the source, and to identify the Authorized Goods as having certain characteristics and qualities, including those of the patented fabrics.

12.    An authorized manufacturer, seller, retailer, and/or reseller of Authorized Goods is required to use the patent number, and when certified is permitted to use the DRI-RELEASE® Marks, the FRESHGUARD® Mark.

13.    An unauthorized manufacturer, seller, retailer, and/or resellers of non-Authorized Goods is not permitted to use the patent number, the DRI-RELEASE® Marks, the FRESHGUARD® Mark nor is the patent number, the DRI-RELEASE® Marks, the FRESHGUARD® Mark able to be used on unauthorized goods.

14.    Consumers recognize the patent number, the DRI-RELEASE® Marks, the FRESHGUARD® Mark as an identification of the source of the Authorized Goods and an indicator that said Authorized Goods have certain fiber content, characteristics and qualities emanating from Optimer and Authorized Goods.  Optimer has developed substantial good will in the patent, the DRI-RELEASE® Marks, the FRESHGUARD® Mark.

15.    Unauthorized use  by an unauthorized user of the patent number, the DRI-RELEASE® marks, the FRESHGUARD® Mark is not permitted and is likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association, or the approval of the unauthorized goods or commercial activities of the unauthorized user.

16.     Use of the patent number, the DRI-RELEASE® Marks, the FRESHGUARD® Mark on unauthorized goods or goods not having the patented features and fiber content is not permitted and is likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association, or the approval of the unauthorized goods or commercial activities of the unauthorized user.

17.     Use of the patent number, the DRI-RELEASE® Marks, the FRESHGUARD® Mark in commercial advertising or promotion in connection with unauthorized goods or by an unauthorized user is likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association, or the approval of the unauthorized goods or commercial activities of the unauthorized user and/or misrepresents the nature, quality and characteristics of the unauthorized goods and unauthorized user.

18.     In approximately October, 2003  Defendants became authorized manufacturers, sellers, retailers, and/or resellers of Authorized Goods and were required to use the patent number on Authorized Goods, and were permitted to use the DRI-RELEASE® Marks, the FRESHGUARD® Mark in connection with their marketing, sales, advertisements and promotion of the Authorized Goods. Short Sleeve Crew Shirts and ear warmers were among the Authorized Goods of Defendants during this time period.

19.     Starting in approximately October 2003 Defendants distributed their Authorized Goods to other resellers of Defendants' products, whom Defendants caused to use the patent number on Authorized Goods, and caused the resellers to use the DRI-RELEASE®  Marks, the FRESHGUARD® Mark in connection with the Authorized Goods being distributed by Defendants.

20.    On or about  August 2006,  Defendants stopped being manufacturers, sellers, retailers, and/or resellers of Authorized Goods made after that date, and on information and belief, began manufacturing, having manufactured, and selling unauthorized goods and/or goods that did not contain the Proprietary Blend.  Short Sleeve Crew Shirts and ear warmers were among the unauthorized products of Defendants that were sold after Defendants ceased manufacturing, having manufactured or purchasing Authorized Goods.

21.    On information and belief, and as a reasonable opportunity for discovery will show, at the time Defendants stopped purchasing Authorized Goods and stopped being manufacturers, sellers, retailers, and/or resellers of Authorized Goods, Defendants began selling to and distributing  through resellers, unauthorized goods and/or goods that did not contain the Proprietary Blend. The resellers had formally purchased or resold Authorized Goods from Defendants.  On information and belief, Defendants did not disclose to the reseller that Defendants had switched to unauthorized goods.

22.    As of  August 2006, Defendants were required not to use the patent number on unauthorized goods, and were required to stop using the DRI-RELEASE® Marks, and/or the FRESHGUARD® Mark in connection with their marketing, sales, advertisements and promotion of the unauthorized goods and were required to inform their resellers that they were no longer selling Authorized Goods so that the resellers would cease their use of the DRI-RELEASE® Marks and/or the FRESHGUARD® Mark in connection with their marketing, sales advertisements and promotion of the unauthorized goods they were now receiving from Defendants.

23.    On information and belief and as a reasonable opportunity for discovery will show, Defendants and their resellers, at the inducement of Defendants,  have used and are

continuing to use the patent number, the Proprietary blend, the DRI-RELEASE® Marks, and/or the FRESHGUARD® Mark in connection with their marketing, sales, advertisements and promotion of the unauthorized goods in violation of the laws set forth herein.  For example, Defendants sell their unauthorized products to www.kidstockmontana.com who is reselling unauthorized ear warmers in misbranded packaging using, without authorization, the DRI-RELEASE® Marks.  (*See* **Exhibit A**).

24.    Defendants' acts and uses, of which Plaintiff Optimer just recently learned, are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association, or the approval of the unauthorized goods or commercial activities of Defendants and their resellers.  Defendants acts further misrepresent the nature, quality and characteristics of the unauthorized goods.

25.    Such use and acts by Defendants include, on information and belief and as a reasonable opportunity for discovery will show, but are not limited to, the specific uses/acts set forth in paragraphs 28 to 148  below.

26.    The acts of Defendants, including those set forth in paragraphs  28  to 148 herein have and are likely to cause damage and irreparable harm and injury to Optimer for which there is no adequate remedy at law.

27.    The acts of Defendants, including those set forth in paragraphs 28 to 148 herein, have and are likely to confuse and mislead consumers into purchasing a product they believe are Authorized Goods, mistakenly believing that Defendants' products meet the patent claims or have the Proprietary Blend and/or mistakenly believing the Defendants' products have or meet certain Characteristics and Qualities, when the Defendants' products do not.

**DEFENDANTS' SHORT SLEEVE CREW SHIRT**

28.     Defendants advertise their "Short Sleeve Crew" product as containing a blend of 85% polyester and 15% Cotton. (Hereinafter "85/15 Blend") See, web page at **http://www.180s.com/pages/catalog_view.aspx?g=5&y=15&i=43&c=59**, attached as **Exhibit B**.

29.     A product held out by Defendants as having an 85/15 blend, purchased from Defendants' web site, does not contain the fiber content  85/15, but is an inferior blend of 75/25, and an unauthorized product.  See, shirt and label showing 75/25, attached as **Exhibit C**.

30.     Defendants also incorrectly and falsely places Optimer's '914 Patent number on the label of their unauthorized "Short Sleeve Crew" product that has a 75/25 blend.  See, **Exhibit C.**

31.     Defendants' unauthorized product is a 75/25 blend and is not made in accordance with the patent, constituting false patent marking.

32.     Defendants use certain characteristics and qualities on their web site to sell the unauthorized product with the 75/25 blend, including "Dries 4 times faster", "Breathes 4 times Better" and "Lasts 4 times longer" (Separately and collectively referred to herein as Characteristics and Qualities.)  See, **Exhibit B**.

33.     On information and belief, and a reasonable opportunity for discovery will show Defendants know the unauthorized 75/25 Short Sleeve Crew shirt does not have each of the Characteristics and Qualities Defendants use in their website advertising.  On information and belief Defendants used to use the Characteristics and Qualities to sell Authorized Products and continue to use the Characteristics and Qualities with unauthorized products to confuse the unauthorized products as coming from the source of or having the same qualities as Authorized Products..

**DEFENDANTS' LONG SLEEVE CREW SHIRT**

34.     Defendants advertise their unauthorized Long Sleeve Crew Shirt made of "75/25" using the Characteristics and Qualities.

See,  http://www.180s.com/pages/catalog_view.aspx?g=5&y=15&i=51&c=23,  attached as **Exhibit D**.

35.     The unauthorized Long Sleeve Crew shirt does not have all the Characteristics and Qualities and use by Defendants of such in advertising in connection with the Long Sleeve Crew shirt is literally false and/or likely to mislead consumers.

36.     On information and belief and as a reasonable opportunity for discovery will show, Defendants know the unauthorized Long Sleeve Crew shirt made of 75/25 does not have the Characteristics and Qualities Defendants use in their advertising.

**DEFENDANTS' SHORT SLEEVE COLLARED SHIRT**

37.     Defendants' Short Sleeve Collared shirt, (another unauthorized product with a 75/25 blend) is advertised on Defendants' web site using the Characteristics and Qualities See,http://www.180s.com/pages/catalog_view.aspx?g=5&y=15&i=41&c=23,     attached as **Exhibit E**.

38.     The unauthorized Short Sleeve Collared shirt does not have the Characteristics and Qualities and thus, the representations are literally false and/or likely to mislead consumers.

39.     On information and belief and as a reasonable opportunity for discovery will show, Defendants know the unauthorized Short Sleeve Collared shirt made of 75/25 does not have the Characteristics and Qualities Defendants use in their advertising.

**DEFENDANTS' MISLABELED KIDS' TEC FLEECE PACKAGING**

40.     On information and belief, when Defendants sell Authorized ear warmer products they fail to mark with the patent number where appropriate and required, and fail to identify Optimer as the owner of the DRI-RELEASE Marks and/or FRESHGUARD Mark.

41.     Defendants now manufacture and sell products such as, for example, Defendants' Kids Tec Fleece Ear Warmers, that are not made from genuine DRI-RELEASE® brand fabric, thus constituting an unauthorized product.  Defendants continue to include on the Kids' Tec Fleece packaging the DRI-RELEASE® Mark (hereinafter "Mislabeled Packaging") (attached as **Exhibit F**).

42.     Defendants sell the unauthorized Kids Tec Fleece product in the Mislabeled Packaging to resellers, **(Exhibits A, F)** including for example, resellers like www.kidstockmontana.com.

43     The resellers, on information and belief, at the inducement of Defendants, are advertising a literally false statement, that the contents of Defendants' Kids' Ear Warmer packaging contains a product made with genuine DRI-RELEASE® branded fabric.  (See, e.g., **Exhibit A**).

44.     Defendants' Kids' Ear Warmers, at the inducement of Defendants, are advertised and promoted on the www.kidstockmontana.com web site with unauthorized use of the DRI-RELEASE® Marks and FRESHGUARD® Mark.  (See, **Exhibit A**).

45.     Defendants' Kids' Ear Warmer product purchased from the www.kidstockmontana.com web site arrives in the Defendants' Mislabeled Packaging that has the unauthorized use of the DRI-RELEASE® Marks. (See, **Exhibits A, F**).

46.     Defendants' Kids Fleece Ear Warmer product purchased from the www.kidstockmontana.com web site in Defendants' Mislabeled Packaging does not contain an Authorized Good or product containing DRI-RELEASE® fabric. (See, **Exhibits A, F**)

47.     On information and belief and as a reasonable opportunity for discovery will show, Defendants put the unauthorized product in the Mislabeled Packaging.

48.     The resellers, at the inducement of Defendants, are using without authorization the DRI-RELEASE® Marks and FRESHGUARD® Mark in connection with unauthorized goods.

49.     Additionally, Defendants are using Optimer's DRI-RELEASE® Mark when it is no longer authorized to do so.

50.     The Mislabeled Packaging and acts of Defendants and their resellers are likely to cause confusion, mistake or deceive as to the origin, sponsorship, or approval or his or her goods, services or commercial activities of Defendants' products.

51.     Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

## COUNT I

### Federal Unfair Competition With Respect To Defendants' Short Sleeve Crew Shirt Under 15 U.S.C. § 1125(a)

52.     Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 51 of its Complaint as if fully restated herein.

53.     Defendants have made false designations of origin and false or misleading descriptions or representations of fact which are likely to cause confusion, to cause mistake and to deceive as to the origin, sponsorship, or approval of their goods, services or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

54.     Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. § 1125(a) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the origin, sponsorship, or approval of their goods, services or commercial activities of Defendants' products.

55.     Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts.  Defendants' have been, and will continue to be, unjustly enriched by their unlawful acts.

56.     Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages and attorneys fees and costs.

## COUNT II

### Federal Unfair Competition With Respect To Defendants' Short Sleeve Crew Shirt Under 15 U.S.C. § 1125(b)

57.     Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 56 of its Complaint.

58.     Defendants have made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which

misrepresent the nature, characteristics, qualities, or theirs or another entity's goods, services or commercial activities by another person in violation of 15 U.S.C. § 1125(b).

59.    Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. §1125(b) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics or and/or qualities of their goods, services or commercial activities.

60.    Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

61.    Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' products, damages, and attorneys fees and costs.

## COUNT III

### False Patent Marking With Respect To Defendants' Short Sleeve Crew Shirt Under 35 U.S.C. § 292

62.    Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 61 of its Complaint.

63.    Defendants have, without the consent of Optimer, marked on, affixed to and/or used in advertising in connection with their Short Sleeve Crew Shirt that was made, offered for sale, and sold by Defendants in the United States the '914 patent number and the words "patent" with the intent of deceiving the public and inducing them to believe that it was made, offered for

sale, sold into the United States by or with the consent of Optimer in violation of 35 U.S.C. § 292. (See, **Exhibit C**).

64.    Defendants have placed the '914 patent number on unpatented goods in violation of 35 U.S.C. § 292. (See, **Exhibit C**).

65.    Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 35 U.S.C. § 292 by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics or and/or qualities of their goods, services or commercial activities.

66.    Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts. Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

67.    Defendants have knowingly placed the '914 patent number on the unpatented articles.

68.    Defendants' conduct constitutes a violation of 35 U.S.C. § 292 should be fined $500 for every item for which Defendants have placed the '914 patent number on unpatented goods.

69.    Optimer has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer. As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief.

**COUNT IV**

**Federal Unfair Competition With Respect To Defendants' Short Sleeve Crew Shirt
Under 15 U.S.C. § 1125(a)**

70.     Optimer realleges and incorporates by reference the allegations in Paragraphs 6

through 69 of its Complaint.

71.     Defendants' Short Sleeve Crew product purchased from their website, which

advertises Optimer's Characteristics and Qualities does not meet the advertised Characteristics

and Qualities, making the statements literally false and/or likely to mislead consumers in relation

to Defendants' products.

72.     Defendants have made false designations of origin and false or misleading

descriptions or representations of fact which are likely to cause confusion, to cause mistake and

to deceive as to the origin, sponsorship, or approval of Optimer's goods, services or commercial

activities in violation of 15 U.S.C. § 1125(a).

73.     Defendants have violated, and upon information and belief, intend to continue to

willfully, knowingly and intentionally violate 15 U.S.C. § 1125(a) by their unlawful acts in a

manner that is likely to cause confusion or mistake or to deceive as to the origin, sponsorship, or

approval of the goods, services or commercial activities of Defendants' products.

74.     Defendants' conduct has caused Optimer to suffer irreparable harm and, unless

enjoined by the Court, will cause Optimer to continue to suffer damage to its operation,

reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have

made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched

by their unlawful acts.

75.     Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if

not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants'

wrongful conduct, Optimer is entitled to injunctive relief, Defendants' products, damages, and attorneys fees and costs.

## COUNT V

### Federal Unfair Competition With Respect To Defendants' Short Sleeve Crew Shirt Under 15 U.S.C. § 1125(b)

76.     Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 75 of its Complaint.

77.     Defendants' Short Sleeve Crew product purchased from their web site does not meet the advertised Characteristics and Qualities, making them literally false statements and/or likely to mislead consumers.

78.     Defendants have made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, qualities, or their or another person's goods, services or commercial activities in violation of 15 U.S.C. § 1125(b).

78.     Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. § 1125(b) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics or and/or qualities of their goods, services or commercial activities.

79.     Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

80.     Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

### Count VI

### Vicarious Liability/ Contributory Infringement
### With Respect To Defendants' Short Sleeve Crew Shirt

81.     Optimer realleges and incorporates by reference the allegations in Paragraphs 1-80 of its Complaint.

82.     On information and belief and a reasonable opportunity for discovery will show, Defendants induced and otherwise requested a manufacturer in China falsely mark the Short Sleeve Crew shirt with the '914 patent number.

83.     Upon information and belief, and as a reasonable opportunity for discovery will show, Defendants induced, and otherwise requested resellers, distributors, and retailers to violate 15 U.S.C. §1125 (a) and (b).

84.     By reason of Defendants' acts as alleged above, Optimer has suffered and will continue to suffer damage and injury to its business, reputation and good will and will sustain loss of revenues and profits in an indeterminate amount from the unauthorized use of its marks in the manner described herein.

85.     Unless enjoined by this Court, Defendants will continue to do the acts complained of herein all to the irreparable harm of Optimer.  Optimer has no adequate remedy at law. As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

## Count VII

## Federal Unfair Competition With Respect To Defendants' Long Sleeve Crew Shirt Under 15 U.S.C. § 1125(a)

86.     Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 85 of its Complaint.

87.     A Long Sleeve Crew shirt purchased from Defendants' web site with a 75/25 blend material does not meet all the advertised Characteristics and Qualities, making the statements literally false and/or likely to mislead consumers.  (See, **Exhibit D**).

88.     Defendants have made false designations of origin and false or misleading descriptions or representations of fact which are likely to cause confusion, to cause mistake and to deceive as to the origin, sponsorship, or approval of their goods or services or commercial activities in violation of 15 U.S.C. § 1125(a).

89.     Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. § 1125(a) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the origin, sponsorship, or approval of their goods, services or commercial activities.

90.     Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

91.     Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants'

wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages and attorneys fees and costs.

## Count VIII

## Federal Unfair Competition With Respect To Defendants' Long Sleeve Crew Shirt Under 15 U.S.C. § 1125(b)

92.     Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 91 of its Complaint.

93.     A Long Sleeve Crew shirt purchased from Defendants' web site with a 75/25 blend material does not meet all the advertised Characteristics and Qualities, making the statements literally false statements and/or likely to mislead consumers.  (See, **Exhibit D**).

94.     Defendants have made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, qualities, or Optimer's goods, services or commercial activities in violation of 15 U.S.C. § 1125(b).

95.     Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. § 1125(b) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics or and/or qualities of their goods, services or commercial activities.

96.     Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

97.     Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

## Count IX

## Federal Unfair Competition With Respect To Defendants' Short Sleeve Collared Shirt Under 15 U.S.C. § 1125(a)

98.     Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 97 of its Complaint.

99.     A Short Sleeve Collared shirt purchased from Defendants' web site with a 75/25 blend material does not meet all the advertised Characteristics and Qualities, making the statements literally false and/or likely to mislead consumers. (See, **Exhibit E**).

100.     Defendants have made false designations of origin and false or misleading descriptions or representations of fact which are likely to cause confusion, to cause mistake and to deceive as to the origin, sponsorship, or approval of their goods, services or commercial activities in violation of 15 U.S.C. § 1125(a).

101.     Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. § 1125(a) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the origin, sponsorship, or approval of their goods, services or commercial activities.

102.     Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have

made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

103.    Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

## Count X

## Federal Unfair Competition With Respect To Defendants' Short Sleeve Collared Shirt Under 15 U.S.C. § 1125(b)

104.    Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 103 of its Complaint.

105.    A Short Sleeve Collared shirt purchased from Defendants' web site with a 75/25 blend does not meet all the advertised Characteristics and Qualities, making the statements literally false and/or likely to mislead consumers.  (See, **Exhibit E**).

106.    Defendants have made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, qualities, or Optimer's goods, services or commercial activities in violation of 15 U.S.C. § 1125(b).

107.    Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. § 1125(b) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics or and/or qualities of their goods, services or commercial activities.

108.    Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

109.    Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

## **Count XI**

### **Trademark Infringement With Respect To Defendants' Ear Warmers Under 15 U.S.C. § 1114**

110.    Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 109 of its Complaint**.**

111.    Defendants engage in unauthorized use of Optimer's DRI-RELEASE® Marks by mislabeling their product packaging with the DRI-RELEASE® Marks containing unauthorized goods and /or goods that do not contain products made with DRI-RELEASE®  fabric.  (See, **Exhibit F**).

112.    Defendants deceptively used, and continue to use, Optimer's identical marks on their ear warmer packaging, which is likely to cause confusion, to cause mistake and to deceive as to Defendants' affiliation, connection or association with Optimer.

113.    Defendants' acts are calculated to deceive, or are likely to deceive, the public who recognizes and associates DRI-RELEASE® with Optimer.  Moreover, this conduct is likely to

cause confusion, to cause mistake or to deceive the public as to the source of Defendants' products, or as to a possible affiliation with or sponsorship by Optimer.

114.    Defendants' acts constitute willful trademark infringement under 15 U.S.C. § 1114.

115.    Defendants' conduct has caused Optimer to suffer and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will cause Optimer to continue to suffer the loss of sales and profits that Optimer would have made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

116.    Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

## COUNT XII

### Vicarious Liability/ Contributory Trademark Infringement With Respect To Defendants' Ear Warmer Products

117.    Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 116 of its Complaint**.**

118.    Upon information and belief, reasonable opportunity for discovery will show that Defendants induced, and therefore, contributed to the infringement of Optimer's DRI-RELEASE® Marks. (See also, **Exhibit F**).

119.    Upon information and belief, reasonable opportunity for discovery will show that Defendants requested and/or required these entities to commit infringement by printing the identical DRI-RELEASE® mark on their ear warmer product packaging, knowing that the

packaging did not contain Authorized Goods, and further knowing that Defendants, their customers, distributors, retailers and resellers, would resell the product to the public under the mistaken representation that the mislabeled product was an Authorized Good.

120.    By reason of the Defendants' acts as alleged above, Optimer has suffered and will continue to suffer damage and injury to its business, reputation and good will and will sustain loss of revenues and profits in an indeterminate amount from the unauthorized use of its marks in the manner described herein.

121.    Unless enjoined by this Court, Defendants will continue to do the acts complained of herein all to the irreparable harm of Optimer.  Optimer has no adequate remedy at law.  As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

### COUNT XIII

### Federal Unfair Competition With Respect To Defendants' Kids' Tec Fleece Packaging Under 15 U.S.C. § 1125(a)

122.    Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 121 of its Complaint.

123.    Defendants manufacture and sell products that are not made from genuine DRI-RELEASE® fabric, yet Defendants continue to label the Kids' Tec Fleece packaging with Optimer's DRI-RELEASE® Marks, making this statement literally false and/or likely to mislead consumers. (See, **Exhibit F**).

124.    Defendants have made false designations of origin and false or misleading descriptions or representations of fact which are likely to cause confusion, to cause mistake and to deceive as to the origin, sponsorship, or approval of their goods, services or commercial activities in violation of 15 U.S.C. § 1125(a).

125.    Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. § 1125(a) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the origin, sponsorship, or approval of their goods, services or commercial activities.

126.    Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by its unlawful acts.

127.    Optimer has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer.  As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

## COUNT XIV

### Federal Unfair Competition With Respect To Defendants' Kids' Tec Fleece Under 15 U.S.C. §1125(b)

128.    Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 127 of its Complaint.

129.    Defendants manufacture and sell products that are not made from genuine DRI-RELEASE® fabric, yet Defendants continue to label the Kids' Tec Fleece packaging with Optimer's DRI-RELEASE® trademark, making this statement literally false and/or likely to mislead consumers.  (See, **Exhibit F**).

130.    Defendants have made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which

misrepresent the nature, characteristics, qualities, of their goods, services or commercial activities in violation of 15 U.S.C. § 1125(b).

131.     Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. § 1125(b) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics or and/or qualities of his goods, services or commercial activities.

132.     Defendants' conduct has caused Optimer to suffer irreparable harm and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Optimer would have made but for Defendants' acts. Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

133.     Optimer has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer. As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

## COUNT XV

### Federal Unfair Competition and Vicarious Liability/ Contributory Infringement With Respect To Defendants' Ear Warmer Products

134.     Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 133 of its Complaint.

135.     Upon information and belief, reasonable opportunity for discovery will show that Defendants induced, and otherwise requested the infringement of Optimer's DRI-RELEASE® Marks by their resellers, distributors and retailers.

136.    Defendants requested and/or required these entities to commit infringement and/or violate 15 U.S.C. § 1125(a) and (b) by printing the identical DRI-RELEASE® Marks on their ear warmer product packaging, knowing that their customers would resell the product to the public retailers, distributors and resellers, as an Authorized Good when it was not, and knowing that the product packaging did not contain a genuine DRI-RELEASE® product and was not made with genuine DRI-RELEASE® fabrics.

137.    By reason of the Defendants' acts as alleged above, Optimer has suffered and will continue to suffer damage and injury to its business, reputation and good will and will sustain loss of revenues and profits in an indeterminate amount from the unauthorized use of its marks in the manner described herein.

138.    Unless enjoined by this Court, Defendants will continue to do the acts complained of herein all to the irreparable harm of Optimer.  Optimer has no adequate remedy at law. As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.

## COUNT XVI

### Common Law Unfair Competition

139.    Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 138 of its Complaint.

140.    Defendants' acts and uses constitute unfair competition under common law.

141.    Furthermore, Defendants induced and otherwise requested other parties to commit acts and make uses that constitute unfair competition under common law on their behalf.

142.    Defendants' acts have caused, and is causing, irreparable harm to Optimer. Unless this Court enjoins Defendants from continuing its unauthorized acts, Optimer will

continue to suffer irreparable harm. As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages, and attorneys fees and costs.


## COUNT XVII

### Illinois Uniform Deceptive Trade Practices Act
### Under 815 ILCS § 510 et al.

143.    Optimer realleges and incorporates by reference the allegations in Paragraphs 6 through 142 of its Complaint.

144.    The foregoing acts of Defendants constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq.*

145.    Defendants' conduct has caused Optimer to suffer and, unless enjoined by the Court, will cause Optimer to continue to suffer damage to its operation, reputation, and goodwill.

146.    Defendants have induced and otherwise requested other parties to violate the Illinois Uniform Deceptive Trade Practices Act.

147.    On information and belief, a reasonable opportunity for discovery will show that Defendants willfully engaged in one or more deceptive trade practices.

148.    Optimer has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Optimer. As a result of Defendants' wrongful conduct, Optimer is entitled to injunctive relief, Defendants' profits, damages and attorneys fees and costs.

### RELIEF REQUESTED

WHEREFORE, Optimer requests that the Court enter a judgment in Optimer's favor and against Defendants and provide Optimer the following relief:

1.    Order, Adjudge and Decree that Defendants knowingly and willfully violated 15 U.S.C.

1114, 15 U.S.C. § 1125(a), 15 U.S.C. §_1125(b), Illinois Uniform Deceptive Trade Practices Act,

and committed acts of common law unfair competition by:

    a)  Advertising and selling a short sleeve crew shirt under the misrepresentation that the shirt had an 85/15 fabric blend but then shipping a different product, a short sleeve crew shirt that has a 75/25 fabric blend;

    b)  Representing in connection with their website advertising and promotion that a short sleeve crew shirt, a long sleeve crew shirt and a short sleeve collared shirt, all which have a 75/25 fabric blend, meets all the Characteristics and Qualities (i.e. Dries 4 times faster, Breathes 4 times better, and/or Lasts 4 times longer), when the 75/25 fabric blend shirts do not meet all the Characteristics and Qualities;

    c)  Placing the '914 patent number on the short sleeve crew shirt when the fabric used for the shirt is not made in accordance with the patent;

    d)  Misbranding Defendants' kids fleece packaging with the DRI-RELEASE® Marks and advertising and selling ear warmers as containing DRI-RELEASE® fabrics;

    e)  Shipping and selling ear warmers not made with DRI-RELEASE® fabrics in packaging that represents the products contain DRI-RELEASE® fabrics;

    f)  Using the DRI-RELEASE® or FRESHGUARD® marks without authorization;

    g)  Inducing or otherwise causing other resellers, distributors or retailers to commit the acts set forth in a-f;

    h)  Misleading resellers of Defendants' products to believe that Defendants' misrepresentations are true so that Defendants' resellers or distributors commit the acts set forth above in a-f;

    i)  Committing other false or misleading acts in connection with the offer and selling of its products.

2.    Order adjudge and decree that Defendants knowingly and willfully violated 35 U.S.C. §

292 and committed acts of false patent marking by:

    a)  having the '914 patent number placed on their short sleeve crew shirt;

    b)  by placing patent pending on their short sleeve crew shirt

      c)  by inducing or otherwise causing others to place the '914 patent on goods made for Defendants

3.     Issue a preliminary and permanent injunction prohibiting Defendants, their respective parents, subsidiaries, principals, officers, agents, affiliates, resellers, distributors, retailers, servants, attorneys, employees, and all others in privity or acting in concert with it from engaging in further acts set forth in 1) a-i above, and 2) a-c above, and further violations of 35 USC 292 , 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(b), Illinois Uniform Deceptive Trade Practices Act, and committed acts of unfair competition;

4.     Order that Defendants and their resellers recall and destroy all products sold through the acts set forth in 1) a-i, 2) a-c, and further violations of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(b), Illinois Uniform Deceptive Trade Practices Act, and other acts of common law unfair competition;

5.     Order Defendants to identify all manufacturers, importers, resellers, distributors and retailers of the all products sold through the acts set forth in 1) a-i, 2) a-c, and further violations of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(b), Illinois Uniform Trade Practices Act, and other acts of unfair competition and order that the individuals and entities on that list be sent corrective advertising approved by Optimer and a cease and desist for committing further wrongful acts;

6.     Order a full accounting of all products sold through the acts set forth in 1) a-i, 2) a-c, and further violations of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(b), Illinois Uniform Deceptive Trade Practices Act, and other acts of common law unfair competition;

7.      Order corrective advertising approved by Optimer sufficient to correct the false representations made in connection with the products sold through the acts set forth in 1) a-i, 2) a-c, and further violations of 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(b), Illinois Uniform Deceptive Trade Practices Act, and other acts of unfair competition;

8.      Order Defendants to pay $500 per shirt or product which bears the false patent marking in accordance with 35 USC §292;

9.      Order that Defendants pay $500 per shirt or product which they caused others to place the false patent marking in accordance with 35 USC §292;

10.     Award Optimer Defendants' and Defendants' resellers,' manufacturers,' distributors' and retailers' profits for all products sold through the acts set forth in 1) a-i, 2) a-c, and further violations of 15 U.S.C. § 1117, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(b), Illinois Uniform Deceptive Trade Practices Act, and other acts of common law unfair competition;

11.     Award Optimer its damages incurred for all products sold through the acts set forth in 1) a-i, 2) a-c, and further violations of 15 U.S.C. § 1117, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(b), Illinois Uniform Deceptive Trade Practices Act, and other acts of common law unfair competition;

12.     Award Optimer its reasonable attorneys fees and costs of the litigation;

13.     Find that Defendants' acts are knowing and willful;

14.     Award Optimer three times the amount of damages for all products sold through the acts set forth in 1) a-i, 2) a-c, and further violations of 15 U.S.C. § 1117, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(b), Illinois Uniform Deceptive Trade Practices Act, and other acts of common law unfair competition;

15.     Any and all other relief that this Court deems proper;

## JURY DEMAND

Optimer demands trial by jury.


Respectfully submitted,

OPTIMER PERFORMANCE FIBERS, INC.


By:   _/s/ Kara E.F. Cenar_____
      One of its Attorneys


Kara E.F. Cenar
Natalie A. Remien
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois  60602

# EXHIBIT A

# KIDSTOCK INC
Unique clothing and accessories.

**Free Shipping on orders over $100 (see Shipping Method Information). No sales tax.**

## 180s™ Kids' Ear Warmers and Gloves

### 180s™ Kids' TEC Fleece Ear Warmers

Kids will love the look and feel of these slim-profile ear warmers, with their patented wrap-behind-the-head™ design. The utmost in cold weather protection and wearing ease starts with a soft microfleece shell insulated with DuPont® Thermolite® Active 100 insulation, lined with Dri-Release® with Freshguard®, and finished with 3M™ reflective piping. A perfect balance of thermal insulation and moisture management for the high activity demands of kids. An adjustable internal frame allows a secure fit for most sizes. Choose from Black, Pink, Molten Red, Periwinkle, Air Force Blue. One size fits most.



**Black**  180EW-BK   $16.95   [Add to Order]

**Polar Blue**  180EW-PB   $16.95   [Add to Order]

**Periwinkle**  180EW-PR   $16.95   [Add to Order]

**Raspberry**  180EW-RS   $16.95   [Add to Order]

**Grey Camo**  180EW-GC   $16.95   [Add to Order]

**Pink Camo**  180EW-PC   $16.95   Out of Stock

**View Order/Checkout**

**Free Shipping on orders over $100 (see Shipping Method Information). No sales tax.**

[          ] [SEARCH]

Front Page   About Us   Customer Service/FAQs   Ordering Information   Sizing Information   Contact Us



Copyright © 2000-2006 Kidstock, Inc. All Rights Reserved.
**email us for customer service**
service@kidstockmontana.com
877-753-4436
406-586-5758

# EXHIBIT B

Home | Our Brand | Team 180s | News | Contact | Where to Buy | Product Search: [          ] GO     0 items in shopping cart | $0.00 CHECK OUT



MEN | WOMEN | KIDS                    FAN SHOP | BATTLE WEAR | GORGONZ WORK WEAR

Ear Warmers
..................
Gloves
..................
**Work Shirts**
Long Sleeve Crew
Short Sleeve Collared
■ Short Sleeve Crew
..................
Work Hats



**FEATURED COLOR: YELLOW**
SELECT COLOR:   ▪ ▪ ▪

DETAIL VIEW   MORE VIEWS

..................

**SHIPPING:**
Orders must be placed by 12 noon ET for same day shipment. In stock items usually ship within 2 business days. Approximate delivery time for standard shipments is 3-5 business days. US shipping only.

**WHERE TO BUY:**
180s products are available at specialty sporting goods and department stores nationwide.

**NEED HELP?**
Call (877)725-4386, 9am to 5:30pm EST Monday through Friday, or email us at info@180s.com.

**SHORT SLEEVE CREW**

The next generation in work apparel...With Evaporative Cooling Technology™ (ECT™) fabric, the Performance Work Shirt has 4 times the performance of a standard 100% cotton jobsite t-shirt. Dries 4 times faster. Breathes 4 times better. Lasts 4 times longer.

- ECT™: Natural fibers absorb sweat, leaving the skin dry. Synthetic fibers wick sweat to the surface. Airflow quickly evaporates sweat leaving you dry and comfortable.

- Vented side panels under each arm maximize circulation.

- Built-in odor neutralizer prevents odor causing bacteria from forming.

- Multiple chest and arm pockets with hook and loop closures provide secure storage.

- Heavy-duty stitching and double layer shoulders makes this shirt jobsite tough.

LEARN MORE                                    $22.99

Size:      (select size) ▾   Sizing
Color:     (select color) ▾
Quantity:  [1]

                                    ADD TO CART



| TECHNICAL PRODUCT INFO | HOW TO USE | SIZING |
| --- | --- | --- |

- SHORT SLEEVE CREW (85% Polyester, 15% Cotton)

**Related products**



Gorgonz Brown Duck™
$16.99



Winter Pro 875™
$49.99



Basic Logo
$20.00

**You may also like...**



Short Sleeve Collared
$29.99

..................

About Us | Media Relations | Careers | Privacy Policy | Sitemap | Content and Product Images @2007–2008 180s

Web Development & Programming @2007 Alexander + Tom

# EXHIBIT C





# Exhibit C part 2



# 2X-LARGE

GCHVMYLPB2BULKXGXX

75% Polyester   25% Cotton

MADE IN CHINA

RN 107375

CA 40498

PATENT PENDING

701 E. Pratt St.
Suite 180
Baltimore, MD 21202
www.gorgonz.com

 Machine wash warm with like colors

 Use only non-chlorine bleach when needed

 Tumble dry medium

Do not use fabric softener
US PAT.#5.888,914

# EXHIBIT D



Home | Our Brand | Team 180s | News | Contact | Where to Buy | Product Search: [ ] GO        0 items in shopping cart | $0.00 CHECK OUT

MEN | WOMEN | KIDS            FAN SHOP | BATTLE WEAR | GORGONZ WORK WEAR

Ear Warmers

Gloves

**Work Shirts**
■ Long Sleeve Crew
  Short Sleeve Collared
  Short Sleeve Crew

Work Hats



**FEATURED COLOR: COBALT BLUE**
SELECT COLOR:

DETAIL VIEW    MORE VIEWS

### LONG SLEEVE CREW

The next generation in work apparel...With Evaporative Cooling Technology™ (ECT™) fabric, the Performance Work Shirt has 4 times the performance of a standard 100% cotton jobsite t-shirt. Dries 4 times faster. Breathes 4 times better. Lasts 4 times longer.

- ECT™: Natural fibers absorb sweat, leaving the skin dry. Synthetic fibers wick sweat to the surface. Airflow quickly evaporates sweat leaving you dry and comfortable.
- Mid-weight fabric with soft brushed liner keeps you comfortable and warm.
- Vented side panels under each arm maximize circulation.
- Built-in odor neutralizer prevents odor causing bacteria from forming.
- Multiple chest and arm pockets with hook and loop closures provide secure storage.
- Heavy-duty stitching and double layer shoulders makes this shirt jobsite tough.

LEARN MORE                                    $29.99

**Related products**



Gorgonz Brown Duck™
$16.99



Winter Pro 875™
$49.99



Basic Logo
$20.00

**SHIPPING:**
Orders must be placed by 12 noon ET for same day shipment. In stock items usually ship within 2 business days. Approximate delivery time for standard shipments is 3-5 business days. US shipping only.

**WHERE TO BUY:**
180s products are available at specialty sporting goods and department stores nationwide.

**NEED HELP?**
Call (877)725-4386, 9am to 5:30pm EST Monday through Friday, or email us at info@180s.com.

**Size:**     (select size) ▼     Sizing
**Color:**    (select color) ▼
**Quantity:** [1]

ADD TO CART

| TECHNICAL PRODUCT INFO | HOW TO USE | SIZING |

- LONG SLEEVE CREW (75% Polyester, 25% Cotton)

---

About Us | Media Relations | Careers | Privacy Policy | Sitemap | Content and Product Images @2007–2008 180s

Web Development & Programming @2007 Alexander + Tom

# EXHIBIT E

Home | Our Brand | Team 180s | News | Contact | Where to Buy | Product Search: [ ] GO    0 items in shopping cart | $0.00 CHECK OUT



MEN | WOMEN | KIDS    FAN SHOP | BATTLE WEAR | GORGONZ WORK WEAR

Ear Warmers
...............................
Gloves
...............................
**Work Shirts**
  Long Sleeve Crew
■ Short Sleeve Collared
  Short Sleeve Crew

Work Hats



**FEATURED COLOR: GRANITE**
SELECT COLOR:

DETAIL VIEW    MORE VIEWS

**SHORT SLEEVE COLLARED**

The next generation in work apparel...With Evaporative Cooling Technology™ (ECT™) fabric, the Performance Work Shirt has 4 times the performance of a standard 100% cotton jobsite t-shirt. Dries 4 times faster. Breathes 4 times better. Lasts 4 times longer.

- ECT™: Natural fibers absorb sweat, leaving the skin dry. Synthetic fibers wick sweat to the surface. Airflow quickly evaporates sweat leaving you dry and comfortable.

- Two button henley with self-fabric golf collar.

- Vented side panels under each arm maximize circulation.

- Built-in odor neutralizer prevents odor causing bacteria from forming.

- Multiple chest and arm pockets with hook and loop closures provide secure storage.

- Heavy-duty stitching and double layer shoulders makes this shirt jobsite tough.

LEARN MORE                                    $29.99

**Size:**    (select size) ▾  Sizing
**Color:**   (select color) ▾
**Quantity:** [1]

ADD TO CART

TECHNICAL PRODUCT INFO | HOW TO USE | SIZING

- SHORT SLEEVE COLLARED (75% Polyester, 25% Cotton)

**SHIPPING:**
Orders must be placed by 12 noon ET for same day shipment. In stock items usually ship within 2 business days. Approximate delivery time for standard shipments is 3-5 business days. US shipping only.

**WHERE TO BUY:**
180s products are available at specialty sporting goods and department stores nationwide.

**NEED HELP?**
Call (877)725-4386, 9am to 5:30pm EST Monday through Friday, or email us at info@180s.com.

**Related products**



Gorgonz Brown Duck™
$16.99



Winter Pro 875™
$49.99



Basic Logo
$20.00

**You may also like...**



Long Sleeve Crew
$29.99

# EXHIBIT F





# Exhibit F part 2





Warranty inside.
Sizes: One size fits all.
Care Instructions: Hand wash. Air dry. No bleach.

Copyright © 2006 180s, Inc. All rights reserved. The 180s designation is a registered trademark, and the180s (and design), O (and design), Motion Control System, Motion Control System (and design) and Push designations are trademarks of 180s, Inc. in the U.S. and/or other countries, each of which is licensed to 180s, LLC. This product is covered by one or more of the following patents: US Patent Nos. 5,835,609; 6,332,223; 6,499,146; 6,502,247; 6,502,248; 6,735,784; 6,880,174; 6,920,645 and 6,978,483; EP Patent Nos. 0745364 and 1238641; and JP Patent Nos. 3356967, 3418960 and 3643839. Additional U.S. and/or foreign patents are pending. Thermolite® Active and Thermolite (and design) are registered trademarks of Invista used under license. Polartec® is a trademark registered in the United States and in other jurisdictions, for fabrics only from Malden Mills Industries, Inc. (Tec Fleece only). 3M™ Scotchlite™ are trademarks of the 3M company. Other trademarks mentioned herein are the trademarks of their respective owners.